Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4531 | DATE | December 3, 2003 |
| CASE TITLE | Mark E. Andrews v Trans Union, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Memorandum Opinion and order entered. Accordingly, this court determines that defendant has failed to establish that the amount in controversy is greater than $75,000 and plaintiff's motion to remand this case to the Civil District Court of the Parish of Orleans, State of Louisiana, is granted. Plaintiff's motion for attorney's fees is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | DEC 0 8 2003 date docketed | 29 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GDS | courtroom deputy's initials | 03 DEC -5 AM 10:46 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE TRANS UNION CORP. PRIVACY LITIGATION ) ) ) | |
| THIS DOCUMENT RELATED TO: ) ) | Lead Case No. 00 C 4729 MDL Docket No. 1350 |
| No. 03 C 4531 ) ) | Judge Robert W. Gettleman |
| Mark E. Andrews v. Trans Union, LLC ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Andrews, on behalf of himself and others similarly situated, brought a four count putative class action complaint (termed a "petition") in the Civil District Court of the Parish of Orleans, State of Louisiana, alleging that defendant Trans Union LLC violated the Louisiana Consumer Credit Act, Illinois' common law of invasion of privacy, and the California Business and Professional Code § 17200, by selling plaintiff's personal information as part of it target marketing list business. Because the complaint raises essentially the same factual allegations as those raised in the multi-district class action ("MDL") pending before this court, In Re Trans Union Corp. Privacy Litigation, 00 C 4729, defendant removed the case to the United States District Court for the Eastern District of Louisiana and then sought and received transfer of the case to this court. Plaintiff has moved to remand to the state court for lack of federal subject matter jurisdiction. For the reasons set forth below, the motion is granted.

First, there is no federal question jurisdiction under 28 U.S.C. § 1331. Unlike the complaints in the MDL, which all allege violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), plaintiff's complaint contains no such claim, relying instead on

alleged violations of various state statutory and common law. The court rejects defendant's argument that removal is proper under the "artful pleading doctrine" because plaintiff's claim for relief relies on a predicate showing that a federal legal standard has been violated. Although it is true that a violation of the FCRA results in a presumption of the failure to use ordinary care or exercise due diligence under the Louisiana Consumer Credit Act, La. Rev. Stat. § 9:3571.1G(3), that same presumption is applied to any violation of any provision of §9:3571.1. Thus, because plaintiff can potentially prove a violation of the state act without relying on a violation of the FCRA, federal question jurisdiction is lacking and removal on this basis is improper. See Sercye-McCullom v. Ravenswood Hospital, 140 F. Supp.2d 944 (N.D. Ill. 2001).

More interesting, but no more tenable, is defendant's argument that diversity jurisdiction exists under 28 U.S.C. § 1332. There is no doubt that there is complete diversity of citizenship between the parties. Plaintiff seeks less than $75,000 in damages[1], however, leading to his argument that jurisdiction under § 1332 is lacking.

When an action is removed based on diversity jurisdiction, the amount claimed by the plaintiff is presumed to be determinative of the jurisdictional amount. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993). If the complaint seeks less than $75,000 in damages the defendant must offer competent proof establishing to a reasonable probability that the amount in controversy exceeds $75,000. Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993). Whether the amount in controversy is satisfied is determined by assessing the total relief requested at the time of removal. Matter of Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992).

---

[1] Plaintiff seeks "damages less than $74,900."

2

Defendant raises two arguments to establish the amount in controversy. First, defendant argues that attorney's fees provided under Louisiana law put more than $75,000 into controversy. Under La. Code Civil Proc. art. 595(A)[2] a named plaintiff in a class action is entitled to recover attorneys' fees if he prevails at trial, and under article 862, every judgment shall grant all relief to which a party is entitled even if not demanded in the pleadings. Therefore, defendant argues that plaintiff is entitled to attorney's fees even if not requested, putting more than $75,000 into controversy.

Plaintiff is the master of his complaint, however, and in his complaint has specifically disclaimed any right to recover attorney's fees:

> Plaintiff specifically disclaims any right to an award of attorney's fees under any substantive statutory provisions, including La. C.C.P. Article 595(A), or under La. C.C.P. Article 862. Plaintiff specifically disclaims any award of attorney's fees as an element of his cost of litigation.

In In re: Abbot Laboratories, 51 F.3d 524, 526-27 (5th Cir. 1995), the court determined that in a Louisiana state class action, any attorney's fees taxable against the defendant pursuant to a specific statute must be attributed solely to the class representative when determining the amount in controversy for diversity jurisdiction. The basis for the court's holding was article 595(A), which requires that attorney's fees allowed as an element of litigation expenses be granted exclusively to the class representative.

---

[2]La. Code Civil Proc. art. 595(A) provides:
> The court may allow the representative parties their reasonable expenses of litigation, including attorney's fees, when as a result of the class action a fund is made available, or a recovery or compromise is had which is beneficial, to the class.

3

In Grant v. Chevron Phillips Chemical Co. L.P., 309 F.3d 864 (5th Cir. 2002), the court took the next step, determining that when no specific statute authorized attorney's fees to be taxed against the defendant, article 595(A) can also serve as an independent source of attorney's fees. In reaching its decision, the court assumed that art. 595(A) does not authorize a court to assess attorney's fees against the defendant, but that any common fund or other benefit made available to the class are eligible sources of the fees. Thus, the court concluded that article 595(A) "remains a fee-shifting statute, but the shifting is not between the class and the defendant. Instead the shifting is between the class representatives and the rank and file members of the class. . . . Thus, in a non-fund case, like this one, each class member's damage recovery could be reduced by the court and shifted to the class representatives. . . ." Id. at 872-73. The court then concluded that such fees allowable under article 545(A), whatever the source, are attributable to the class representative exclusively for purposes of determining the jurisdictional amount under § 1332. Id. at 873.

Plaintiff correctly argues that because under article 595(A) attorney's fees are recoverable by the class representative only, he has the ability to waive any claim to such fees. He has effectively done so in his complaint and the court accepts that representation. Plaintiff expressly "disclaims any right to recover attorney's fees in the state law [complaint]," either from defendant or from any recovery by the class members by way of common fund or otherwise. (Plaintiff's Reply, at 3.) As master of his complaint, even a class action complaint, plaintiff is allowed to plead less than the true value of a claim and to waive any right to more, solely to avoid litigating in federal court. In re Brand Name Prescription Drug Antitrust Litigation, 248 F.3d 668, 670-71 (7th Cir. 2000); In re Brand Name Prescription Drug Antitrigiation, 123

4

F.3d 599, 607 (7th Cir. 1997). Defendant has presented no authority otherwise, except for a statement in Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 724 (5th Cir. 1002), suggesting that it may be unethical for a class representative to waive the right of the putative class members to attorney's fees. As noted above, however, fees under art. 595(A) are allowable to the class representative only, and as the only class representative plaintiff can waive his claims.

Finally, defendant argues that plaintiff's request for disgorgement of defendant's profits independently satisfies the jurisdictional amount. Defendant argues that plaintiff claims a common and undivided interest in defendant's profits, which is not tied to the number of class members. Defendant is incorrect. This is not a case where there is one *res* at issue, such as an estate. Each of the class members that plaintiff seeks to represent is entitled to his or her own separate recovery. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977-78 (7th Cir. 2000) (citing Gilman v. HC Securities, Inc., 104 F.3d 1418, 1423 (2d Cir. 1997)). Therefore, plaintiff does not have an undivided interest in a fund over $75,000 and can disclaim any amount of damages over $74,900. Accordingly, defendant's argument that plaintiff's claim for disgorgement satisfies the amount in controversy requirement is rejected.

F.3d 599, 607 (7th Cir. 1997). Defendant has presented no authority otherwise, except for a statement in Manguno v. Prudential Property and Casualty Insurance Co., 276 F.3d 720, 724 (5th Cir. 1002), suggesting that it may be unethical for a class representative to waive the right of the putative class members to attorney's fees. As noted above, however, fees under art. 595(A) are allowable to the class representative only, and as the only class representative plaintiff can waive his claims.

Finally, defendant argues that plaintiff's request for disgorgement of defendant's profits independently satisfies the jurisdictional amount. Defendant argues that plaintiff claims a common and undivided interest in defendant's profits, which is not tied to the number of class members. Defendant is incorrect. This is not a case where there is one *res* at issue, such as an estate. Each of the class members that plaintiff seeks to represent is entitled to his or her own separate recovery. See Del Vecchio v. Conseco, Inc., 230 F.3d 974, 977-78 (7th Cir. 2000) (citing Gilman v. HC Securities, Inc., 104 F.3d 1418, 1423 (2d Cir. 1997)). Therefore, plaintiff does not have an undivided interest in a fund over $75,000 and can disclaim any amount of damages over $74,900. Accordingly, defendant's argument that plaintiff's claim for disgorgement satisfies the amount in controversy requirement is rejected.

## CONCLUSION

For the reasons set forth above, defendant has failed to establish that the amount in controversy is greater than $75,000 and plaintiff's motion to remand is granted.[3]

**ENTER:** December 3, 2003

Robert W. Gettleman
United States District Judge

---

[3]Plaintiff's motion for attorney's fees under 28 U.S.C. § 1447(c) is denied, because the court does not find that defendant's removal of this action to federal court was done in bad faith.